IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**SERGIO MATA AGUILAR**,

    Plaintiff,

vs.                                                                                        No. 13cv0300 JCH/LAM

**ELIAS S. GASTELO, JR.; PATTI JMK REYNOLDS;
BILL PFLUGRATH; GUADALUPE R. GONZALES;
JANET NAPOLITANO; USCIS; DONNA CARR, CHIEF
CLERK FOR BIA AND/OR BOARD OF IMMIGRATION
APPEALS MEMBERS**,

    Defendants.

## MEMORANDUM OPINION AND ORDER DISMISSING CASE

**THIS MATTER** comes before the Court on pro se Plaintiff Sergio Mata Aguilar's *Application to Proceed In Forma Pauperis* ("motion to proceed IFP"), filed March 28, 2013 [Doc. 3], and on the Court's concomitant obligation to "screen [his] case under 28 U.S.C. §§ 1915(a) and (e)," *Lister v. Dep't Of Treasury*, 408 F.3d 1309, 1311 (10th Cir. 2005). The Court must dismiss the action "at any time if the court determines that" the complaint "fails to state a claim on which relief may be granted," § 1915(e)(2)(B)(ii). *See Trujillo v. Williams*, 465 F.3d 1210, 1217 n.5 (10th Cir. 2006) (noting that dismissals under § 1915(e)(2)(B) are mandatory).

**I.   APPLICABLE LEGAL STANDARDS**

A party applying to proceed IFP must show that he "cannot because of his poverty pay or give security for the costs . . . and still be able to provide himself . . . with the necessities of life." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

The Tenth Circuit Court of Appeals has set forth the following standards that district courts should apply in resolving a motion to dismiss brought under rule 12(b)(6) of the Federal Rules of Civil Procedure.

> *Bell Atlantic Corp. v. Twombly* [] reject[ed] the "no set of facts" language of *Conley* [ *v. Gibson*, 355 U.S. 41, 45-46 (1957),] and announc[ed] a new (or clarified) standard: to withstand a motion to dismiss, a complaint must contain enough allegations of fact "to state a claim to relief that is plausible on its face." --- U.S. ----, ----, 127 S. Ct. 1955, 1974, 167 L. Ed.2d 929 (2007).  Under this revised standard, as we explained in *Ridge at Red Hawk, L.L.C. v. Schneider*:
>
>> the mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims.
>
> 493 F.3d 1174, 1177 (10th Cir. 2007) (emphasis in original).  The burden is on the plaintiff to frame a "complaint with enough factual matter (taken as true) to suggest" that he or she is entitled to relief. *Twombly*, 127 S. Ct. at 1965.  "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.*

*Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008).

The Court applies this same standard in its review under § 1915(e)(2) to determine whether Aguilar has stated a cognizable federal claim. *See Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007).  The Court will accept as true Aguilar's allegations and construe them, and any reasonable inferences to be drawn from them, in the light most favorable to him.  *See id.*  But the Court "will not supply additional facts, [or] construct a legal theory for [a] plaintiff that assumes facts that have not been pleaded."  *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989).

The courts should take a two-step approach in determining whether a complaint states a claim upon which relief may be granted.  First, it "identif[ies] the [conclusory] allegations in the complaint that are not entitled to the assumption of truth" and disregards them.  *Ashcroft v. Iqbal*, 556 U.S.662, 680 (2009).  Then it only "consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief."  *Id.* at 681; *see id.* at 686 (rejecting the plaintiff's argument that he sufficiently stated a claim for relief by generally alleging that the defendants "discriminated against him 'on account of [his] religion, race, and/or national origin and

2

for no legitimate penological interest,'" and stating, "[w]ere we required to accept this allegation as true, respondent's complaint would survive petitioners' motion to dismiss. But the Federal Rules do not require courts to credit a complaint's conclusory statements without reference to its factual context.") (citations omitted).

## II.     ANALYSIS

Aguilar has filed an original Complaint and a supplemental Complaint. *See* Docs. 1, 5. Based on the allegations in the Complaints and their attachments, Aguilar is a Mexican alien who has unlawfully been residing in the United States for many years, and who also has been convicted of aggravated felonies. *See* Doc. 1, Att. 3 at 1 (Government's response in Aguilar's habeas proceedings noting that Aguilar "does not deny his previous convictions . . . which are classified as 'aggravated felonies' for immigration purposes"). An illegal alien who is convicted of an aggravated felony is subject to mandatory removal. *See* 8 U.S.C. § 1227 (a)(2)(A)(iii). Aguilar states that the immigration judge ("IJ") in his removal proceedings issued an order of removal on March 13, 2012, which Aguilar appealed to the Board of Immigration Appeals ("BIA"). *See* Doc. 1 at 2. But the IJ apparently reopened the proceedings and entered a second order of removal on March 18, 2012, which Aguilar also is appealing. *See id.* Both appeals apparently are still pending in the BIA.

Aguilar seeks several forms of relief. First, it appears that Aguilar is seeking direct review of the United States Citizenship Immigration Service's ("USCIS") decision to deny Aguilar's son's 1-30 petition submitted on Aguilar's behalf pursuant to 8 U.S.C. § 1154(b), and an order mandating the USCIS to grant the petition – which it has already denied. *See* Doc. 1 at 3, 6; *see also id*, Att. 3 at 2 (Government's response noting that the ICE could not proceed with Aguilar's removal until the USCIS had ruled on the 1-30 petition). But Aguilar's son is not a plaintiff in this case, so it is

doubtful that the issues regarding the petition could be before the Court. And because a removal proceeding has already been held, the IJ's order of removal has stripped this Court of any potential jurisdiction under the mandamus statute or Administrative Procedures Act because the removal order encompasses all of the underlying decisions. *See Mata v. Sec'y of Dep't of Homeland Sec.*, No. 10–14401, 426 Fed. App'x 698, *700 & n.1, 2011 WL 1743949, **2 & n.1 (11th Cir. 2011) (holding that challenge to Attorney General's underlying recission orders could only be heard in an appeal from the final order of removal to the circuit court of appeals after exhaustion of administrative remedies). But if this Court did have jurisdiction to review the USCIS's decision to deny the 1-30 petition, it could only do so after the petitioner – Aguilar's son – has exhausted his administrative remedies. *See, e.g., Ogbolumani v. Napolitano*, 557 F.3d 729, 731, 733 (7th Cir. 2009) (noting that district court had jurisdiction over wife's appeal from denial of § 1154(b) petition because the USCIS's decision is not discretionary: "the resolution of this type of petition is circumscribed by an explicit legal standard"). And this Court may not mandate the USCIS to approve the 1-30 petition because Aguilar's son had the right to appeal the decision to the BIA. *See Rios v. Ziglar,* 398 F.3d 1201, 1206 (10th Cir. 2005) ("To be eligible for mandamus relief, the petitioner must establish (1) that he has a clear right to relief, (2) that the respondent's duty to perform the act in question is plainly defined and peremptory, and (3) that he has no other adequate remedy.").

Aguilar further seeks an order to force the BIA to treat his appeal from the IJ's first removal order as an appeal from a final order, as opposed to an "interlocutory" appeal. *See* Doc. 5 at 10. But he does not allege that the BIA is not presently considering both of his appeals or why the Clerk's characterization of the appeal violates the Clerk's mandatory duty to Aguilar. Although this Court generally has jurisdiction over "any action in the nature of mandamus to compel an officer or

employee of the United States or any agency thereof to perform a duty owed to the plaintiff," 28 U.S.C. § 1361, this section "is intended to provide a remedy for a plaintiff only if he has exhausted all other avenues of relief and only if the defendant owes him a clear nondiscretionary duty." *Marquez-Ramos v. Reno*, 69 F.3d 477, 478-79 (10th Cir. 1995) (internal quotation marks omitted). "The importance of the term 'nondiscretionary' cannot be overstated. . . . [T]o the extent a statute vests discretion in a public official, his exercise of that discretion should not be controlled by the judiciary." *Id.* at 479 (internal quotation marks omitted). Under these circumstances, Aguilar has not alleged sufficient facts to invoke this Court's mandamus jurisdiction.

It also appears that Aguilar is seeking to challenge the merits of the IJ's decision to reopen his deportation proceedings and the IJ's action in issuing the second order of deportation. *See* Doc. 1 at 3-4; Doc. 5 at 8-9. But because the BIA has not issued a ruling on Aguilar's appeals, no final order of removal yet exists, and judicial review is available only for final orders of removal. *See* 8 U.S.C. § 1252(d)(1) (providing that a court "may review a final order of removal only if . . . the alien has exhausted all administrative remedies available to the alien as of right"). And even if the BIA had issued a final order of removal, this Court does not have jurisdiction to review final decisions involving deportation - only the Tenth Circuit Court of Appeals may do that. *See* 8 U.S.C. § 1252(a)(5) ("Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this chapter, except as provided in subsection (e) of this section.").

Aguilar has failed to allege sufficient facts to invoke this Court's subject-matter jurisdiction. The Court must, therefore, dismiss the action under Federal Rule of Civil Procedure 12(h)(3) and

§ 1915(e)(2)(b).

**IT IS ORDERED** that Aguilar's motion to proceed ifp [Doc. 3] is DENIED and his cause of action is DISMISSED.

_____
UNITED STATES DISTRICT COURT JUDGE